UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON, | Case No. 1:19-cv-01748-NONE-JDP |
| Plaintiffs, | SCHEDULING ORDER |
| v. | Amendment to Pleadings: May 12, 2020 |
| HAPPY BEE'S, INC., Doing business as, PERKO'S CAFE #120, | Settlement Notice: January 15, 2021 |
| Defendant. | Initial Disclosures: March 26, 2020 |
| | Non-expert Discovery Cutoff: January 31, 2021 |
| | Expert Disclosure: February 28, 2021 |
| | Rebuttal Expert Disclosure: March 15, 2021 |
| | Expert Discovery Cutoff: March 31, 2021 |
| | Non-Dispositive Motion Deadline: April 30, 2021 |
| | Dispositive Motion Deadline: May 31, 2021 |
| | Pretrial Conference: July 20, 2021 10:00 A.M. |
| | Trial: August 31, 2021 Courtroom 6, Fresno 9:00 a.m |

This court conducted a scheduling conference on March 19, 2020. Counsel Daniel Joseph Malakauskas appeared by telephone on behalf of plaintiff. Counsel Catherine M. Corfee

1

appeared by telephone on behalf of defendant. Under Fed. R. Civ. P. 16(b), this court sets a schedule for this action.

**1. Amendment to the Parties' Pleadings**

All stipulated amendments or motions to amend shall be filed by May 12, 2020.

**2. Fed. R. Civ. P. 26(a)(1) Initial Disclosures**

Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) will be completed by March 26, 2020.

**3. Discovery Cutoffs and Limits**

Initial expert witness disclosures shall be served no later than February 28, 2021. Rebuttal expert witness disclosures by any party shall be served no later than March 15, 2021. Such disclosures must be made pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, Fed. R. Civ. P. 26(b)(4) and Fed. R. Civ. P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be prepared fully to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this court will enforce preclusion of testimony or other evidence if Fed. R. Civ. P. 26(e) is not strictly complied with.

All non-expert discovery, including motions to compel, shall be completed no later than January 31, 2021. All expert discovery, including motions to compel, shall be completed no later than March 31, 2021. Compliance with these discovery cutoffs requires motions to compel be filed and heard sufficiently in advance of the cutoff so that the court may grant effective relief within the allotted discovery time. A party's failure to have a discovery dispute heard sufficiently in advance of the discovery cutoff may result in denial of the motion as untimely.

**4. Pretrial Motion Schedule**

All non-dispositive pre-trial motions (except motions to compel, addressed above), shall be served and filed on or before April 30, 2021. All dispositive pre-trial motions shall be served and filed on or before May 31, 2021. Non-dispositive motions are heard on Fridays at 10:00 a.m.,

before the Honorable Jeremy D. Peterson, United States Magistrate Judge, in Courtroom 6. Before scheduling such motions, the parties shall comply with Local Rule 230 or Local Rule 251.

Counsel must comply with Local Rule 251 with respect to discovery disputes or the motion will be denied without prejudice and dropped from calendar. In addition to filing a joint statement electronically, a copy of the joint statement shall also be sent Judge Peterson's chambers by email to jdporders@caed.uscourts.gov. Counsel for the parties are additionally required to conduct at least one telephonic or in-person conference as part of their obligations to meet and confer in good faith to resolve their discovery dispute prior to seeking judicial intervention. The parties are further cautioned that boilerplate objections to written discovery will be summarily denied.

Upon stipulation of the parties, Judge Peterson will resolve discovery disputes by informal telephonic conference outside the formal procedures of the Local Rules and Federal Rules of Civil Procedure governing noticed motions to compel. The procedures for requesting an informal telephonic conference are set forth in Judge Peterson's Civil Procedures located on the court's website, http://www.caed.uscourts.gov. If the parties stipulate to an informal ruling on a discovery dispute that arises during a deposition, they may request an informal ruling during the deposition by contacting Judge Peterson's Courtroom Deputy, Kirstie Dunbar-Kari, by telephone at (209) 372-8917.

The parties are advised that unless prior leave of the court is obtained, all moving and opposition briefs or legal memoranda in civil cases before Judge Peterson shall not exceed twenty-five pages. Reply briefs by the moving party shall not exceed ten pages. These page limitations do not include exhibits. Briefs that exceed this page limitation, or are sought to be filed without leave, may not be considered by the court.

Counsel or pro se parties may appear for argument on non-dispositive motions before Judge Peterson by telephone by dialing the court's teleconference line at 1-888-204-5984 and entering Access Code 4446176, provided that they indicate their intent to appear telephonically in their pleadings or by email to jdporders@caed.uscourts.gov at least one week prior to the hearing.

**<u>Motions for Summary Judgment or Summary Adjudication</u>**

Prior to filing a motion for summary judgment or motion for summary adjudication the parties are ORDERED to meet, in person or by telephone, and confer to discuss the issues to be raised in the motion.

The purpose of meeting shall be to: 1) avoid filing motions for summary judgment where a question of fact exists; 2) determine whether the respondent agrees that the motion has merit in whole or in part; 3) discuss whether issues can be resolved without the necessity of briefing; 4) narrow the issues for review by the court; 5) explore the possibility of settlement before the parties incur the expense of briefing a summary judgment motion; and 6) to arrive at a joint statement of undisputed facts.

The moving party shall initiate the meeting and provide a draft of the joint statement of undisputed facts. In addition to the requirements of Local Rule 260, the moving party shall file a joint statement of undisputed facts.

In the notice of motion, the moving party shall certify that the parties have met and conferred as ordered above and set forth a statement of good cause for the failure to meet and confer.

**5. Settlement Conference Notification**

By January 15, 2021, the parties are directed to file a joint statement indicating their willingness to participate in a court-sponsored settlement conference.

**6. Pretrial Conference and Trial**

The court sets a telephonic pre-trial conference for July 20, 2021, at 10:00 a.m. (dial-in number: 1-888-204-5984; passcode: 4446176). The court sets the trial for August 31, 2021, to begin at 9:00 a.m. in courtroom six of the Eastern District's Fresno courthouse.

**7. Effect of This Order**

This order represents the best estimate of the court and counsel as to the agenda most suitable to dispose of this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.

The dates set in this order are firm and will not be modified absent a showing of good cause even if the request to modify is made by stipulation. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate, attached exhibits, which establish good cause for granting the relief requested.

The failure to comply with this order may result in the imposition of sanctions.

IT IS SO ORDERED.

Dated: March 20, 2020

_____
UNITED STATES MAGISTRATE JUDGE

No. 205.